86 F.3d 1173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael W. TOMPKINS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3605
 United States Court of Appeals, Federal Circuit.
 April 3, 1996.
 
 Before RICH, RADER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Michael W. Tompkins petitions for review of a decision of the Merit Systems Protection Board, Docket No. DC-831E-95-0129-I-1, affirming the Office of Personnel Management's reconsideration decision that Tompkins was no longer entitled to disability retirement benefits. We remand the case to the Board for the purposes set forth below.
 
 DISCUSSION
 
 2
 Tompkins was employed as a machinist with the Department of the Navy. In 1974, he applied for disability retirement based on problems with his knees. Although Tompkins had submitted with that application a physician's statement asserting that he was disabled because of arthritis in his knees, the Navy's physician concluded that Tompkins was not disabled. Another physician, authorized by the Civil Service Commission (CSC) to conduct an orthopedic examination, determined that while Tompkins had minimal arthritis in both knees, he was overreacting and might benefit from psychiatric help. The CSC then authorized a psychiatric examination, which led to a finding that Tompkins suffered from "schizophrenia ... manifested by total preoccupation with ... numerous problems with both knees." The CSC subsequently approved Tompkins' disability retirement. The government's only notices to Tompkins that discussed the basis for his disability retirement (a letter from the Navy and a standard form 50) referred to his "physical disability" and the fact that "his knees [were] giving way."
 
 
 3
 In 1993, the Office of Personnel Management (OPM) asked Tompkins to submit evidence that he was still disabled. In response, Tompkins' physician stated that Tompkins was "totally and permanently disabled ... due to the arthritis in both knees." OPM informed Tompkins that his retirement had been approved based upon his schizophrenia, and that he therefore would have to undergo a psychiatric evaluation to determine whether he still suffered from that condition. Because a subsequent evaluation showed that Tompkins had no psychiatric disorder, OPM concluded that he was no longer entitled to a disability annuity. On Tompkins' request for reconsideration, OPM affirmed its original decision.
 
 
 4
 Tompkins appealed the reconsideration decision to the Merit Systems Protection Board and the Board affirmed (Tompkins I ). Tompkins appealed Tompkins I to this court and filed a second appeal to the Board (Tompkins II ), asking it to find that his retirement was involuntary because he would not have accepted it had he known that it was based on a diagnosis of schizophrenia. Tompkins' petition for review of an administrative law judge's dismissal of Tompkins II for lack of jurisdiction is currently pending before the full Board.
 
 
 5
 Shortly before oral argument in this case, the Merit Systems Protection Board filed a motion to intervene in Tompkins' appeal. In its motion, the Board noted that a
 
 
 6
 central issue in both cases [Tompkins I and Tompkins II ] is what legal consequences should attach to the CSC's actions in 1975 when it approved the petitioner's retirement application on the basis of schizophrenia, and failed to make any explicit ruling on the only medical condition (arthritic knees) that was the basis for his 1974 retirement application.
 
 
 7
 The Board asked us to remand this case so that it can direct OPM "to issue a decision on the petitioner's 1974 retirement application, which was based on his knee condition, after providing the parties with an opportunity to supplement the record."
 
 
 8
 Because the Board is the tribunal from which this petition for review has been taken, the Board may request a remand for further proceedings without having to intervene in this court. With respect to the merits of the Board's request, Tompkins supports the request and OPM opposes it; OPM asks that we affirm the Board's decision rather than remanding the case to the Board for further proceedings. Without commenting on the merits of the underlying dispute, we believe the appropriate course is to grant the Board's request to remand the case for further administrative proceedings. We therefore remand this case to the Merit Systems Protection Board for such further proceedings as the Board deems necessary to develop a sufficiently full record to resolve Tompkins' claim, and to enter such orders as may be appropriate in light of that record.
 
 
 9
 No costs.